# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION,<br><br>         Plaintiff,<br><br>v.<br><br>STEVEN RAUWERDINK,<br><br>         Defendant. | Case No. 24-CV-402-JPS<br><br>**ORDER** |

  This Order considers, and will grant, Plaintiff PNC Bank, National Association's ("Plaintiff") motion for default judgment against Defendant Steven Rauwerdink ("Defendant"), ECF No. 8. The Court begins by recounting the facts as alleged in the complaint, which it accepts as true by virtue of Defendant's default. *Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725, 729 (7th Cir. 2020) (citing *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012)).

  On April 3, 2024, Plaintiff filed this action alleging breach of contract, specifically breach of a promissory note. ECF No. 1. In March 2012,[1]

---

[1] The complaint gives "March 22, 2019" as the date of this transaction, ECF No. 1 at 2, whereas the promissory note, which is attached as an exhibit to the complaint and incorporated therein, gives "March 22, 2012" as the loan date." ECF No. 1-1 at 2. This was likely a typographical error in the complaint on Plaintiff's part. The Court will consider March 22, 2012—the date in the promissory note— as the date it was executed. "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (citing *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007), and *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *see*

Defendant signed a promissory note to borrow an original principal sum of $500,000.00 from Plaintiff. *Id.* at 2; ECF No. 1-1 at 2. Plaintiff is the lawful owner and holder of the promissory note. ECF No. 1 at 2. The complaint alleges that the parties are citizens of different states and that the amount in controversy exceeds $75,000.00. *Id.* at 1. The Court is satisfied that it has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

Defendant was required to pay all amounts outstanding on the promissory note on June 22, 2019, the maturity date. ECF No. 1 at 2; ECF No. 1-1 at 1. On the maturity date, there was an outstanding balance, but Defendant failed to pay it at that time or at any later time, despite Plaintiff's demand that he do so. ECF No. 1 at 2. Accordingly, Defendant owes to Plaintiff the unpaid principal balance on the note, together with accrued interest and late fees. *Id.*; ECF No. 1-1 at 3 ("Upon default, Lender may declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, without notice, and then Borrower will pay that amount."); *id.* at 2 (describing payment structure and late charge fees). Under the promissory note, Defendant is also entitled to recover from Plaintiff its attorney's fees and costs associated with litigating this action. *Id.* at 3.

Defendant was served with the complaint and a summons on April 9, 2024. ECF No. 7. Defendant did not appear personally or through counsel, nor did he otherwise defend this action within the time provided by the Federal Rules of Civil Procedure, so the Clerk of the Court, at

---

*also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

Plaintiff's request, entered default against Defendant. May 10, 2024 docket entry.

On May 9, 2024, Plaintiff filed a motion for entry of a default judgment against Defendant. ECF No. 8. Defendant never appeared in the case or opposed the request or motion for default judgment. *See* Civ. L.R. 7(b). As a result, the Court treats the motion as unopposed. Civ. L.R. 7(d).

The facts pleaded in the complaint and the attached promissory note establish Defendant's liability for breach of that note: he was obliged to pay the balance of the note on its maturity date and failed to do so, and under the terms of the note Plaintiff is now entitled to recover that amount.

Plaintiff nevertheless bears the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)) (bracketing omitted). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiff requests $254,387.77 in damages, comprising the unpaid principal balance on the note plus accrued interest and late fees. ECF No. 8 at 2. In support of this request, Plaintiff submits the affidavit of Darrin Mackmin ("Mackmin"), Vice President of Plaintiff's Commercial Asset

Team who "directly oversees Plaintiff's relationship with [Defendant] . . . and [is] the custodian of records related to the same." ECF No. 8-1 at 2. After reviewing Plaintiff's records, Mackmin determined that Defendant owes the following amount on the note, which "take[s] into account payments Plaintiff has received related to its loan to [Defendant]":

| Unpaid principal balance on the promissory note | $213,919.40 |
| --- | --- |
| Unpaid interest on the note | $36,288.65 |
| Late charges | $4,179.72 |
| Total | $254,387.77 |

*Id.* at 4.[2] This is sufficient documentary evidence to prove Plaintiff's damages. The Court will accept it as such and enter a money judgment in Plaintiff's favor in this amount.

Additionally, Plaintiff seeks an order awarding its attorney's fees in the amount of $1,600.00 and litigation costs in the amount of $678.30. ECF No. 8 at 2. Plaintiff's attorney Martin Wasserman supports these allegations in his declaration, which lays out his hourly billing rate of $250.00, how much time he spent on this case, and the costs his law firm advanced in prosecuting this lawsuit. ECF No. 8-3. Plaintiff is the prevailing party in this matter and is therefore legally entitled to recover attorney's fees and costs as requested and authorized under the promissory note. ECF No. 1-1 at 3. The Court finds that Plaintiff's litigation costs are sufficiently substantiated

---

[2] Mackmin further avers that "[i]nterest continues to accrue on the unpaid balance of the [n]ote at the per diem rate of $26.74." ECF No. 8-1 at 4. However, neither the motion for default judgment nor the proposed order submitted with it ask that the Court order Defendant to pay interest at the per diem rate that accrued between the date of Plaintiff's default judgment motion until entry of this Order and judgment. Absent such a request from Plaintiff, the Court will not so order on its own.

and its attorney's fees are both sufficiently substantiated and reasonable. Accordingly, the Court will approve an award of the requested litigation costs and attorney's fees.

Accordingly,

**IT IS ORDERED** that Plaintiff PNC Bank, National Association's motion for default judgment, ECF No. 8, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that judgment be entered in favor of Plaintiff PNC Bank, National Association and against Defendant Steven Rauwerdink in the amount of $254,387.77 in unpaid principal balance, accrued interest, and late fees on the promissory note, together with attorney's fees of $1,600.00 and litigation costs of $678.30; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge